IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| R. ALEXANDER ACOSTA, Secretary of Labor, United States Department of Labor, | )<br>)<br>) |
| Plaintiff, | ) |
| v. | )   Case No. |
| LOCAL 1940, UNITED STEEL WORKERS INTERNATIONAL UNION, | )<br>) |
| Defendant. | ) |

COMPLAINT

Plaintiff R. Alexander Acosta, Secretary of Labor, alleges as follows:

NATURE OF THE ACTION

1. This action is brought under Title IV of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 481-83 (the "Act"), for a judgment declaring that the April 23, 2018 election of union officers conducted by Local 1940, United Steelworkers (USW) International Union (Defendant) for the offices of President, Vice President, Recording Secretary, Treasurer, Financial Secretary, Inside Guard, Outside Guard, Guide, three Trustees, and nine Unit Presidents (Metz Culinary Unit President, Geisinger Lewistown Hospital Unit President, Mifflin County Library Unit President, Mifflin County Academy Unit President,

Collins Tool Unit President, Mifflin Courthouse Unit President, Juniata County School District Unit President, Standard Steel O&C Unit President, and Standard Steel P&M Unit President) is void, and directing Defendant to conduct a new election for these offices under Plaintiff's supervision, and for other appropriate relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 482(b), 28 U.S.C. § 1331, and 28 U.S.C. § 1345.

3. Venue lies in this district pursuant to 29 U.S.C. § 482(b) and 28 U.S.C. § 1391(b).

## PARTIES

4. Plaintiff R. Alexander Acosta is the duly appointed Secretary of Labor, United States Department of Labor. Plaintiff is authorized to bring this action under section 402(b) of Title IV of the Act, 29 U.S.C. § 482(b).

5. Defendant is, and at all times relevant to this action has been, an unincorporated association residing within, and with its principle office in, the County of Mifflin, Pennsylvania, within the jurisdiction of this district.

## FACTUAL ALLEGATIONS

6. Defendant is, and at all times relevant to this action has been, a local labor organization engaged in an industry affecting commerce within the meaning of

sections 3(i) and (j) and 401(b) of the Act, 29 U.S.C. §§ 402(i) and (j) and 481(b).

7. Defendant, purporting to act pursuant to the International's Constitution, its Bylaws and the International's Local Union Election Manual conducted an election of officers on April 23, 2018, and this election was subject to the provisions of Title IV of the Act, 29 U.S.C. §§ 481-483.

8. Article VII, Section 10, of the USW Constitution, and Article IV, Section 5(c), of the standard By-Laws for Local Unions and the Local Union Election Manual states that in order to be eligible for election as a Local Union officer, a member shall have attended at least one-third (1/3) of the regular meetings held by the member's Local Union during the twenty-four (24) month period immediately preceding the month in which the election is to be held.

9.  Article VII, Section 10, of the USW Constitution further states that meetings which a member was prevented from attending because of such member's Union activities, working hours, service in the armed forces of the United States or Canada, sickness which confines, death in the immediate family, or jury duty, shall not be counted as meetings held in determining such member's eligibility, provided that the member shall have the burden of proving inability to attend for one of the prescribed reasons, in accordance with  procedures to be specified in the Local Union Elections Manual.

10. Local 1940 held 20 membership meetings between the months of April

2016 and March 2018.  To meet the membership meeting attendance requirement for the April 2018 election, members would have had to attend at least 7 membership meetings in that time period.

11.  Membership meeting attendance logs for the time period of April 2016 through March 2018 were reviewed by the Office of Labor Management Standards (OLMS), U.S. Department of Labor.  Payroll records for the same time period were obtained from eight of Local 1940's employers and those records were reviewed and compared to the attendance logs by OLMS.

12.  The review and comparison revealed that 19 members attended the required number of membership meetings and two members attended the required number of membership meetings after absences were excused for working hours.  A total of 21 members were eligible to be a candidate in the April 23, 2018 election.

13.  At the time of the nomination meeting on March 27, 2018, the Local had 1,005 members; therefore, only 2.0 percent of the membership would have been eligible to be a candidate in the April 23, 2018 election.

14. By letter dated April 10, 2018, and hand delivered to the Local Union at the April 24, 2018 membership meeting, the Complainant, Jason Lightfoot, a member in good standing of Defendant, protested the election.

15. The Local's election committee determined that Complainant Lightfoot and 10 other nominees were not eligible to be a candidate because they did not attend the required number of membership meetings during the two year period, April 2016 through March 2018.

16. The membership accepted Complainant Lightfoot's protest at the April 24, 2018 membership meeting.

17. By letter dated May 2, 2018, to the International's Secretary-Treasurer, officers of the Local appealed the membership's decision to accept Complainant Lightfoot's protest.

18. By letter dated May 30, 2018, the Commission appointed by the International notified Complainant Lightfoot of the hearing on the appeal scheduled for June 7, 2018.

19. The hearing was held on June 7, 2018.

20. On August 14, 2018, Complainant Lightfoot filed a complaint with the Secretary of Labor; the International's Executive Board decision had not been received by Complainant Lightfoot or Local 1940 prior to Lightfoot filing his Complaint with the Secretary of Labor.

21. Having invoked the available remedies for three calendar months without receiving a final decision after invocation, Complainant Lightfoot filed a timely complaint with the Secretary of Labor which was received on August 14,

2018, within the one calendar month required by section 402(a)(2) of the Act, 29 U.S.C. § 482(a)(2).

22. By letter signed September 27, 2018, the Defendant agreed that the time within which the Plaintiff could bring suit regarding the April 23, 2018, election would be extended to November 5, 2018.

23. Pursuant to section 601 of the Act, 29 U.S.C. § 521, and in accordance with section 402(b) of the Act, 29 U.S.C. § 482(b), the Plaintiff investigated the complaint and, as a result of the facts shown by his investigation, found probable cause to believe that: (1) a violation of Title IV of the Act, 29 U.S.C. §§ 481-483, had occurred in the conduct of Defendant's April 23, 2018,election; and (2) that such violation had not been remedied at the time of the institution of this action.

## VIOLATION OF LMRDA

24. Section 401(e) of the Act, 29 U.S.C. § 481(e), was violated when Defendant imposed a meeting attendance candidacy qualification that rendered 98 percent of its membership ineligible to be a candidate and to hold office.

25. The above violation of section 401(e) of the Act, 29 U.S.C. § 481(e), may have affected the outcome of the election for the offices of President, Vice President, Recording Secretary, Treasurer, Financial Secretary, Inside Guard, Outside Guard, Guide, three Trustees, and nine Unit Presidents (Metz Culinary Unit President, Geisinger Lewistown Hospital Unit President, Mifflin County

Library Unit President, Mifflin County Academy Unit President, Collins Tool Unit President, Mifflin Courthouse Unit President, Juniata County School District Unit President, Standard Steel O&C Unit President, and Standard Steel P&M Unit President).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Court enter an Order and Judgment that:

(a)  Declares that Defendant's election for the offices of President, Vice President, Recording Secretary, Treasurer, Financial Secretary, Inside Guard, Outside Guard, Guide, three Trustees, and nine Unit Presidents (Metz Culinary Unit President, Geisinger Lewistown Hospital Unit President, Mifflin County Library Unit President, Mifflin County Academy Unit President, Collins Tool Unit President, Mifflin Courthouse Unit President, Juniata County School District Unit President, Standard Steel O&C Unit President, and Standard Steel P&M Unit President), is void;

(b)  Directs the Defendant to conduct a new election for those offices under the supervision of Plaintiff;

(c)  Award the Plaintiff's costs of this action; and such additional relief as may be appropriate.

Respectfully submitted,

JOSEPH H. HUNT
Assistant Attorney General

DAVID J. FREED
United States Attorney

/s/ Richard D. Euliss
RICHARD D. EULISS
Assistant U.S. Attorney
228 Walnut Street, 2nd Floor
P.O. Box 11754
Harrisburg, PA 17108-1754
Tel: (717) 221-4482
Fax: (717) 221-4493
Richard.D.Euliss@usdoj.gov

OF COUNSEL:

KATE S. O'SCANNLAIN
Solicitor of Labor

BEVERLY DANKOWITZ
Associate Solicitor

ELEANORE SIMMS
Counsel for Labor-Management and Civil Rights Policy

BRENDA STOVALL
Attorney

U.S. Department of Labor