DJF:RDE

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

R. ALEXANDER ACOSTA, Secretary )
of Labor, United States Department of )
Labor, )
                            )
          Plaintiff, )
                            )
       v.                    )    Case No. 1:18-cv-02124-CCC
                            )
LOCAL 1940, UNITED STEEL )
WORKERS INTERNATIONAL UNION,)
                            )
          Defendant. )

## STIPULATION OF SETTLEMENT AND ORDER

Plaintiff **R. Alexander Acosta**, Secretary of the United States Department of Labor ("Secretary" or "Plaintiff"), by and through David J. Freed, United States Attorney, and Richard D. Euliss, Assistant United States Attorney, having filed his complaint and Defendant, **Local 1940, United Steelworkers International Union,** having appeared by counsel, and in order to resolve this action without the necessity of further litigation, the parties stipulate and agree as follows:

1. Plaintiff brought this action under the Labor-Management Reporting and Disclosure Act of 1959 (Act of September 14, 1959, 73 Stat. 519, *et seq.*, 29 U.S.C. § 401, *et seq.*), hereinafter referred to as the Act, requesting a judgment declaring that the Local Union's election for the offices of President, Vice President,

Recording Secretary, Financial Secretary, Treasurer, Inside Guard, Outside Guard, Guide, three Trustees and nine Unit Presidents located at: Standard Steel P&M, Standard Steel O&C, Collins Tool, Geisinger Lewistown Hospital, Mifflin County Courthouse, Metz Culinary, Mifflin County Academy, Mifflin County Library, and Juanita School District, which were concluded on April 23, 2018, be declared void and requesting that a new election for those offices be conducted under the supervision of the Plaintiff.

2. Plaintiff alleged that violations of Title IV of the Act (29 U.S.C. § 481, *et seq.*) had occurred and had not been remedied at the time of the institution of this action.

3. The Local Union denies the violations alleged in this action.

4. The Plaintiff and Defendant (collectively "the Parties") agree that it is in the parties' best interest to resolve this lawsuit on mutually agreeable terms without further litigation. The parties agree to the entry of this Stipulation and Order without trial or further adjudication of any issues of fact or law raised in the Secretary's Complaint.

5. The Parties agree to entry of an Order directing that the Secretary will conduct new nominations and a new manual ballot election under the supervision of the Secretary, for the offices of President, Vice President, Recording Secretary, Financial Secretary, Treasurer, Inside Guard, Outside Guard, Guide, three Trustees

2

and nine Unit Presidents located at: Standard Steel P&M, Standard Steel O&C, Collins Tool, Geisinger Lewistown Hospital, Mifflin County Courthouse, Metz Culinary, Mifflin County Academy, Mifflin County Library, and Juanita School District, and a run-off election, if necessary, to be completed no later than July 31, 2019, unless the Secretary in his sole discretion determines that the supervised election should be conducted at a later date.

6. The supervised election shall be conducted in accordance with Title IV of the Act (29 § U.S.C. 481, *et seq.*) and, insofar as lawful and practicable, and except as otherwise provided herein in accordance with the United Steel Workers (USW) Constitution, the USW, Local 1940 Constitution and Bylaws and the Local Union Elections Manual.

7. The Parties agree that for the supervised election, the constitutionally mandated meeting attendance requirement for candidates shall be waived. The USW has permitted locals to waive this requirement if a large percentage of its members are disqualified from seeking office. The Secretary's investigation of the April 23, 2018 election, found that this candidate qualification prohibited at least 98 percent of Local 1940's members from being a candidate in the election. It is further stipulated that:

    a. Nominations for office shall take place at a regular monthly membership meeting.

b. An announcement of the time, date and location of the nominations meeting, shall be made at the preceding monthly membership meeting.

c. The election will be conducted on the day of the monthly membership meeting, one month after the nomination meeting, and held at the USW Local Union 1940 union hall located in Lewistown, Pennsylvania.

d. The candidates during the 2019 supervised election who receive a plurality of the valid votes cast will be declared elected and installed for the remainder of the current term that expires May 2021. Upon installation, the term of the current occupant of any given office shall be deemed to expire.

e. In the event of a tie between two or more candidates receiving the largest number of votes, a runoff election will be held among the tied candidates only.

f. The individuals elected to office in the supervised election, including any runoff election, shall start their terms of office at the next regular membership meeting, following the date of the supervised election, in accordance with the Local Union's Constitution and Bylaws, and shall serve until the expiration of their terms of office in May 2021.

h. All decisions as to the interpretation or application of Title IV of the Act and the USW Constitution and Local Bylaws relating to the supervised election, including any runoff election, are to be determined by the Secretary and his decision shall be final, subject to challenge in this Court.

i. Any protests concerning any aspect of the supervised election shall be filed in writing directly with the Secretary's designated election supervisor no later than 10 days after the completion of the ballot tally. In the event a violation affecting outcome occurs and cannot be remedied, the Secretary shall conduct a rerun of the supervised election. Candidate eligibility for any such rerun of the supervised election will be based on eligibility at the time of the original nominations for the supervised election.

j. The Court shall retain jurisdiction of this action pending completion of the supervised election. After completion of the supervised election and resolution of any disputes or challenges, the Secretary will promptly certify to the Court the names of the persons elected to serve as the duly elected officers of Local 1940 for the remainder of the current term that expires May 2021.

k. The Secretary shall further certify that the supervised election was conducted in accordance with Title IV of the Act and, insofar as lawful and

practicable, except as otherwise provided herein, in accordance with the provisions of the Defendant's constitution(s).

l. Upon approval of the certification, the Court shall enter a final judgment declaring that such persons have been elected as shown by the certification.

m. Each party shall bear its own fees, costs and other expenses incurred by such party in connection with this proceeding up to and including the date of entry of the final judgment.

/s/ Richard D. Euliss

Richard D. Euliss
Assistant US Attorney
Middle District of PA
228 Walnut Street, Suite 220
PO Box 11754
Harrisburg, PA  17108-1754
(717) 221-4462

/s/ Michael W. McGurrin

Michael W. McGurrin
Galfand Berger, LLP
1835 Market Street
Suite 2710
Philadelphia, PA  19103
(215) 665-1600

The effective date of this Stipulation of Settlement and Order is the date the Court enters the Decree.

**SO ORDERED.**

Dated: 3\7\19

Christopher C. Conner
Chief U.S. District Judge