# IN THE UNITED STATES DISTRICT COURT

# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **Eugene Scalia,[1] Secretary of Labor**<br>**United States Department of Labor**<br><br>         **Plaintiff**<br><br>**v.**<br><br>**LOCAL 1940, UNITED STEEL**<br>**WORKERS INTERNATIONAL UNION,**<br><br>         **Defendant** | **Case No. 1: 18-CV-02124** |

## DECLARATION OF BRIAN A. PIFER

I, Brian A. Pifer, am the Chief of the Division of Enforcement, Office of Labor-Management Standards ("OLMS"), United States Department of Labor ("Department"). The Department supervised an election of officers of United Steelworkers Local 10-1940-S, ("Local 1940"), which was held on June 25, 2019, pursuant to a Stipulation of Settlement and Order entered March 7, 2019, by the Court ("the supervised election").

OLMS received a post-election protest which it investigated and resolved prior to certifying the election, as described below.  The supervised election included new elections for the positions of President, Vice President, Recording Secretary, Financial Secretary, Treasurer, Inside Guard, Outside Guard, Guide, three Trustees and nine Unit Presidents located at: Standard Steel P&M, Standard Steel O&C, Collins Tool, Geisinger

---

[1] This action was originally brought by R. Alexander Acosta, former Secretary of Labor. Eugene Scalia has been appointed Secretary of Labor and therefore substituted as a party in accordance with Rule 25(d), Federal Rules of Civil Procedure.

Lewistown Hospital, Mifflin County Courthouse, Metz Culinary, Mifflin County Academy, Mifflin County Library, and Juniata School District.

a. Election Process

On April 2, 2019, the Pre-Election Conference was held at Local 1940's union hall and rules for the conduct of the election were established.  All interested parties were invited to attend.  On April 17, 2019, the "General Rules for Electing Officers" for Local 1940's supervised election were mailed to all interested parties.  On May 10 and May 15, 2019, the notice of nomination was mailed to members who would not see it at work because they were scheduled to be on extended leave between May 13, 2019, and May 28, 2019.  On May 13 and May 14, 2019, the notice of nomination was posted on designated bulletin boards at all work site locations.

On May 28, 2019, the nomination meeting was held at 6:00 p.m. at Local 1940's Union Hall at 519 Electric Avenue, Lewistown, Pennsylvania, in accordance with the Steelworkers International Constitution and Local 1940's Bylaws.  Steelworkers District 10 Sub-Director Joseph Pozza chaired the meeting.  Nominator eligibility was confirmed during the nomination meeting.  After the nomination meeting, OLMS Election Supervisor Katherine Ballard ("Ballard") confirmed nominee eligibility.

In accordance with the General Rules for Electing Officers in Local 1940, nominees were directed to complete a nomination acceptance form and submit it by 6:00 p.m. on May 30, 2019.  Election Supervisor Ballard accepted nomination forms from two nominees on May 31, 2019, because neither nominee was able to attend the

nomination meeting on May 30, 2019.  Therefore, all nominees submitted their nomination forms and accepted their nominations.  There were no timely complaints regarding the conduct of the nominations.

Seven positions in the supervised election were uncontested: President and Unit Presidents for Standard Steel P&M, Standard Steel O&S, Collins Tool, Geisinger Lewistown Hospital, Metz Culinary, and Mifflin County Library.  All other positions were contested, except Unit Presidents for Mifflin County Academy, Mifflin County Courthouse, and Juniata County Schools, which received no nominations.

A candidates' meeting was held on May 31, 2019 at Local 1940's Union Hall to discuss election activities, including inspection of the local's membership list, distribution of campaign literature, and rules regarding observers.  The candidates' ballot position was determined by random draw.  Also, on May 31, 2019, Election Supervisor Ballard, accompanied by President Brian Barlett, went to the post office to rent boxes for undeliverable mail and absentee ballots.  One key to the undeliverable box was given to Election Committee Chairman Trish Irvin ("Irvin") and the other key to the undeliverable box was maintained by Election Supervisor Ballard.

On June 7, 2019, the notice of election was mailed to the last known home address of each Local 1940 member.  The notices were also posted on designated bulletin boards at each work site.  Election Committee Chairman Irvin was responsible for checking the undeliverable box for undeliverable notices.  On June 7, 2019, Election Supervisor Ballard witnessed and certified the printing of 1,100 official election ballots

by Kish Printing.  The ballots were maintained by Election Supervisor Ballard until the day of the election.  Chairman Irvin did not receive any absentee ballot requests.

On June 24, 2019, Local 1940 Vice President Richard Van Horne notified Election Supervisor Ballard by telephone that a member was distributing a campaign flyer at Standard Steel while he was on the clock.  Election Supervisor Ballard contacted a manager in the Standard Steel human resources department (HR), who told the member to stop distributing campaign flyers, and he agreed to stop.  Election Supervisor Ballard obtained a copy of the campaign flyer the member had distributed.

The member admitted that he distributed five to seven campaign flyers; however, he asserted that he was not "on the clock" at Standard Steel at the time he distributed the flyers.  OLMS' investigation of this allegation revealed that on June 24, 2019, the member clocked in at approximately 6:50 a.m. and changed into his work clothes.  He distributed the campaign flyers while he was walking to his work station in Machine Shop 1.  HR confirmed that this member was not paid by Standard Steel until he reached his work station at 7:00 am.  The member did not hand out additional campaign flyers because he noticed there was an error on the flyer and he was embarrassed to hand out more.  OLMS' investigation revealed that only one of the members that received these campaign flyers voted in the supervised election.  The closest margin of victory was six votes for the position of treasurer.

 The supervised election was conducted on June 25, 2019, with members voting at a single polling site.  A total of 230 valid ballots were counted.  There were no voided

4

or challenged ballots.  Election Chairman Irvin and Committee Members Jim Zimmerman, David Winters, and Dan Stayrook signed the OLMS certificate forms attesting to the conduct of the supervised election and the ballot tally.  There were no observers present at the tally.  The election results were posted at the union hall after the tally on June 25, 2019.  On June 26, 2019, the results were emailed to the unit presidents and stewards for posting on designated bulletin boards at each worksite.

Candidate Patricia Watson and Jon Wise tied for the third trustee position.  On July 5, 2019, Jon Wise provided Election Supervisor Ballard with a letter withdrawing his name as a candidate for trustee; therefore, a run-off election was not necessary. Patricia Watson was declared the winner of the third trustee position.  The winning candidates were installed as officers of Local 1940 at the regular membership meeting on July 23, 2019, in accordance with the Steelworkers Local Union Election Manual.

b.  <u>Election Protests</u>

The General Rules for Electing Officers provided for a 10-day period for election protests.  The deadline for accepting protests was Friday, July 5, 2019.  OLMS received one written complaint during the protest period from Marsha Shilling dated June 26, 2019, and received by OLMS on July 5, 2019.  The Department investigated the allegations in the protest as described below.

<u>Allegation 1</u>: Local 1940 Recording Secretary Marsha Shilling ("Shilling") alleged that certain members of the local were spreading misinformation and vicious lies about her and other candidates, and that these members were campaigning during work

hours.  Shilling alleged that Jeffrey Wray and Patricia Watson, Local 1940 members and employees of Standard Steel, were verbally campaigning to employees while on employer time.  Shilling also alleged that Jeffrey Wray's son, Joshua Wray, was distributing campaign flyers and leaving campaign flyers in breakrooms while on employer time at Standard Steel.

Response:  Section 401(g) of the LMRDA provides that no money received by any labor organization and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in a covered election.  29 U.S.C. § 481(g).  Under this rule, campaigning on employer time is prohibited. 29 C.F.R. § 452.78.

The investigation established that Shilling does not work at Standard Steel and did not witness anyone campaigning at Standard Steel.  Shilling also did not provide the names of any individuals who witnessed campaigning at Standard Steel.

Jeffrey Wray was interviewed and denied campaigning to other members while he was working at Standard Steel.  He also denied handing out campaign flyers and leaving campaign flyers inside Standard Steel for other members to see.  His son, Joshua Wray, admitted distributing five to seven campaign flyers, but only one of the members who received campaign flyers from him voted.

Patricia Watson was interviewed and denied campaigning of any kind, including verbal campaigning and distributing campaign flyers, while working at Standard Steel. Watson works alone in an elevated crane and only comes down during her breaks and lunch.  Watson admitted talking to her two coworkers about the election during their

Case 1:18-cv-02124-CCC   Document 15-1   Filed 12/04/19   Page 7 of 8

breaks. Watson told them the date and time of the election and reminded them to vote; however, Watson denied campaigning to them. Only one of them voted.

The smallest margin of victory in the election was six for the position of treasurer. Therefore, even if a violation occurred, it would not have affected the outcome of the election.

Allegation 2: Shilling alleged in her complaint that a Facebook account named "Stan Steele" was created and run by Jeffrey Wray to campaign and spread lies about her during the election cycle.

Response: Section 401(g) of the LMRDA provides that no money received by any labor organization and no moneys of an employer shall be contributed or applied to promote the candidacy of any person in a covered election. 29 U.S.C. § 481(g); 29 U.S.C. § 452.73 and 452.78. Shilling confirmed that the account was a private account and not created or maintained by Local 1940. There was no violation.

Allegation 3: Shilling, during her July 16, 2019 interview with OLMS, alleged that two candidates failed to provide their acceptance of nomination letters by the deadline.

Response: Shilling's post-election protest is untimely because it was not filed by the July 5, 2019 deadline. In fact, this allegation was not raised by Shilling until July 16, 2019 during her interview with OLMS to discuss her post-election protest.

The protest also lacks merit. Section 401(e) of the LMRDA provides for a reasonable opportunity to nominate candidates subject to reasonable qualifications uniformly imposed.  29 U.S.C. § 481(e).

OLMS' investigation revealed that Election Supervisor Ballard accepted nomination forms from two nominees one day past the May 30, 2019 deadline because neither nominee was able to attend the nomination meeting on May 30, 2019.  There was no violation.

The Department has concluded from its investigation of these election protests that Local 1940's June 25, 2019 election of officers, conducted under the Department's supervision, complied with Title IV of the LMRDA and was conducted, insofar as lawful and practicable, in accordance with Local 1940's constitution and bylaws and the LMRDA.  Therefore, the results of this supervised election should be certified by the court.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 4th of December 2019, in the City of Washington, District of Columbia.

_Brian A. Pifer_

_____

Brian A. Pifer, Chief
Division of Enforcement
Office of Labor-Management Standards
United States Department of Labor